# UNITED STATES DISTRICT COURT
# EASTERN DISTRICTOF MICHIGAN
# SOUTHERN DIVISION

RAYMOND BARTON,

            Plaintiff,

v.

SHELDON NEELEY, and
CITY OF FLINT, MICHIGAN

          Defendants.

_____/

Case No.2-23-cv-10051

Honorable Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**ARNOLD E. REED ASSOCIATES**
By:   Arnold E. Reed (P-46959)
Attorney for Plaintiff
17515 W. 9 Mile Rd, Suite 425
Southfield, MI 48075
(248) 855-6330
areed@arnoldreedlaw.com

**THE WILLIAMS FIRM, P.C.**
By: Kendall B. Williams (P-27896)
    Chelsea S. Down (P-77288)
Attorneys for Defendants
8263 S. Saginaw St., Ste. 6
Grand Blanc, MI 48439
(810) 695-7777
kwilliams@thewilliamsfirm.com
cdown@thewilliamsfirm.com

_____/

## <u>DEFENDANTS' MOTION TO DISMISS</u>
## <u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

Defendants City of Flint and Mayor Sheldon Neeley, by and through their attorneys The Williams Firm, P.C., hereby ask this Court to dismiss Plaintiff's First Amended Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their Motion, Defendants rely upon the attached Brief in Support.

Counsel for Defendants conferred with Plaintiff's counsel regarding the contents of this Motion and sought concurrence in the relief requested. Such concurrence was denied on March 28, 2023.

WHEREFORE, Defendants City of Flint and Mayor Sheldon Neeley respectfully request that the Court grant their Motion to Dismiss and enter a Judgment in Defendants' favor.

Dated: <u>March 31, 2023</u>

/s/ Chelsea S. Down
**The Williams Firm, P.C.**
8263 South Saginaw Street, Suite 6
Grand Blanc, Michigan 48439
Phone: (810) 695-7777
E-mail: cdown@thewilliamsfirm.com
Michigan Bar Number P-77288

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICTOF MICHIGAN
## SOUTHERN DIVISION

RAYMOND BARTON,

            Plaintiff,

v.

SHELDON NEELEY, and
CITY OF FLINT, MICHIGAN

          Defendants.

Case No.2-23-cv-10051

Honorable Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

_____/

**ARNOLD E. REED ASSOCIATES**
By:   Arnold E. Reed (P-46959)
Attorney for Plaintiff
17515 W. 9 Mile Rd, Suite 425
Southfield, MI 48075
(248) 855-6330
areed@arnoldreedlaw.com

**THE WILLIAMS FIRM, P.C.**
By: Kendall B. Williams (P-27896)
     Chelsea S. Down (P-77288)
Attorneys for Defendants
8263 S. Saginaw St., Ste. 6
Grand Blanc, MI 48439
(810) 695-7777
kwilliams@thewilliamsfirm.com
cdown@thewilliamsfirm.com

_____/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(6)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

QUESTIONS PRESENTED..................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

INTRODUCTION ................................................................................1

STATEMENT OF FACTS AND BACKGROUND ..................................................1

STANDARD OF REVIEW ........................................................................3

ARGUMENT ....................................................................................5

I.    Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief
      Under 42 U.S.C. § 1983. ................................................................5

      A.    Plaintiff fails to plead facts showing he engaged in
            constitutionally protected conduct...............................................7

II.   Plaintiff's Claims Against Mayor Neeley in his "Official Capacity"
      are Duplicative of his Claims Against the City. ..........................................10

III.  Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief
      Based on Michigan's Public Policy Doctrine..............................................11

IV.   Plaintiff Fails to Plead Facts to Show the City of Flint is Not Entitled
      to Immunity. ............................................................................13

V.    Plaintiff Fails to Plead Facts to Show Mayor Neeley is Not Entitled to
      Immunity..................................................................................15

VI.   Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief
      Based on Tortious Interference with Contract.............................................16

CONCLUSION ....................................................................................18

i

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................5

*Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998) .............................................................6

*Brown v. Mayor of Detroit*, 478 Mich. 589; 734 N.W.2d 514 (2007)....................15

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)................................................1

*Diamond Comput. Sys. v. SBC Communs., Inc.,* 424 F. Supp. 2d 970 (E.D. Mich. 2006) ................................................................................................................13

*Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007) ...............................................4

*Dudewicz v. Norris-Schmid, Inc.,* 443 Mich. 68; 503 N.W.2d 645 (1993) .............15

*Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877 (6th Cir. 2023) ...................................2

*Feaheny v. Caldwell*, 175 Mich. App. 291; 437 N.W.2d 358 (1989) ....................21

*Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 605 F.3d 345 (6th Cir. 2010) ....9

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718 (6th Cir. 2010) .......................6, 7

*Galli v. Kirkeby*, 398 Mich. 527; 248 N.W.2d 149 (1976)......................................18

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) .................................................... 8, 9, 11

*Guilbeaux v. City of Detroit*, No. 5:19-cv-13728; 2020 U.S. Dist. LEXIS 249872, at *20 (E.D. Mich. Nov. 23, 2020)...............................................................16

*Handy-Clay v. City of Memphis*, 695 F.3d 531 (6th Cir. 2012) .............................10

*Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004).......................16

*Health Call v. Atrium Home & Health Care Servs.*, 268 Mich. App. 83; 706 N.W.2d 843 (2005)................................................................................................19

*Kimmelman v. Heather Downs Mgmt. Ltd.*, 278 Mich. App. 569; 753 N.W.2d 265 (2008)................................................................................................................14

*Knight Enters. v. RPF Oil Co.*, 299 Mich. App. 275; 829 N.W.2d 345 (2013) ......20

*Lane v. Franks*, 573 U.S. 228 (2014)........................................................................10

*Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) .........................10

*Mack v. City of Detroit*, 467 Mich. 186; 649 N.W.2d 47 (2002) ..................... 16, 17

*Matthew v. Jones*, 35 F.3d 1046 (6th Cir. 1994) .....................................................12

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005).........................................................8

*Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001) .....................................12

*O'Connor v. Redford Twp.*, No. 09-10792, 2009 U.S. Dist. LEXIS 71205 (E.D. Mich. Aug. 13, 2009)................................................................................18

*Odom v. Wayne Cty.*, 482 Mich. 459; 760 N.W.2d 217 (2008) .............................17

*Pearson v. Callahan,* 555 U.S. 223 (2009)..............................................................13

*Peterson v. Heymes*, 931 F.3d 546 (6th Cir. 2019).................................................17

*Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010).....4

*Shepard v. Wellman*, 313 F.3d 963 (6th Cir. 2002).................................................12

*Suchodolski v. Michigan Consolidated Gas Co.,* 412 Mich. 692; 316 N.W.2d 710
 (1982).....................................................................................................................13

*Terrien v. Zwit*, 467 Mich. 56; 648 N.W.2d 602 (2002).........................................15

*Weisbarth v. Geauga Park Dist.*, 499 F.3d 538 (6th Cir. 2007)...............................9

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) ..................................13

**Statutes**

42 U.S.C. § 1983 .......................................................................... 5, 7, 8, 12

M.C.L. 691.1401 ...................................................................................17

M.C.L. 691.1407(5) ...............................................................................18

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................ 1, 3, 4, 18

Fed. R. Civ. P. 8(a)(2) .............................................................................4

**Other Authorities**

City of Flint Code of Ordinances § 19-21 ...............................................9

City of Flint Code of Ordinances § 2-86 ............................... 1, 15, 16, 17

Flint City Charter § 4-101 ....................................................................15

Flint City Charter § 4-203 ................................................... 1, 15, 16, 17

## <u>QUESTIONS PRESENTED</u>

1.    Should this Court dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendants City of Flint and Mayor Neeley because even when construing Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff failed to plead sufficient facts to show he engaged in protected conduct?

Defendant City of Flint says: "Yes"<br>
Defendant Mayor Sheldon Neeley says: "Yes"<br>
Plaintiff would say: "No"

2.    Should this Court dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendant Mayor Neeley because even when construing Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff failed to sue Mayor Neeley in his individual capacity, and as such the § 1983 claim against Defendant Mayor Neeley is duplicative of the claim against Defendant City of Flint?

Defendant City of Flint says: "Yes"<br>
Defendant Mayor Sheldon Neeley says: "Yes"<br>
Plaintiff would say: "No"

3.    Should this Court dismiss Plaintiff's Wrongful Discharge in Violation of Michigan Public Policy claim against Defendants City of Flint and Mayor Neeley because even when construing Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff failed to allege a specific public policy which had been violated?

Defendant City of Flint says: "Yes"<br>
Defendant Mayor Sheldon Neeley says: "Yes"<br>
Plaintiff would say: "No"

iv

4.   Should this Court dismiss Plaintiff's Wrongful Discharge in Violation of Michigan Public Policy and Tortious Interference with Contract claims against Defendant City of Flint because even when construing Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff failed to plead an exception to Defendant City's governmental immunity, or to offer any factual allegations showing Defendant City was engaged in non-governmental functions?

Defendant City of Flint says: "Yes"
Defendant Mayor Sheldon Neeley says: "Yes"
Plaintiff would say: "No"

5.   Should this Court dismiss Plaintiff's Wrongful Discharge in Violation of Michigan Public Policy and Tortious Interference with Contract claims against Defendant Mayor Neeley because even when construing Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff failed to plead an exception to Defendant Mayor Neeley's governmental immunity, or allege any facts showing that Defendant Mayor Neeley was engaged in conduct outside the scope of his executive authority?

Defendant City of Flint says: "Yes"
Defendant Mayor Sheldon Neeley says: "Yes"
Plaintiff would say: "No"

6.   Should this Court dismiss Plaintiff's Tortious Interference with Contract claim against Defendant Mayor Neeley because even when construing Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff failed to plead any facts showing Defendant Mayor Neeley unlawfully interfered with Plaintiff's at-will employment contract?

Defendant City of Flint says: "Yes"
Defendant Mayor Sheldon Neeley says: "Yes"
Plaintiff would say: "No"

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Garcetti v. Ceballos*, 547 U.S. 410 (2006)

*Kimmelman v. Heather Downs Mgmt. Ltd.*, 278 Mich. App. 569, 753 N.W.2d 265 (2008)

*Suchodolski v. Michigan Consolidated Gas Co.,* 412 Mich. 692; 316 N.W.2d 710 (1982)

### Statutes

M.C.L. 691.1401

M.C.L. 691.1407(5)

### Federal Rules of Civil Procedure

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2)

**INTRODUCTION**

Plaintiff Raymond Barton is the former Fire Chief for the City of Flint, Michigan. Plaintiff alleges he was wrongfully terminated from his position with the City of Flint, and claims violations of 42 U.S.C. § 1983, Michigan's public policy doctrine and tortious interference of contract. Defendants, City of Flint and Mayor Sheldon Neeley, respectfully ask this Court to dismiss Plaintiff's First Amended Complaint ("Plaintiff's Complaint") in its entirety for the reasons set forth herein.

**STATEMENT OF FACTS AND BACKGROUND**

Plaintiff served as the City of Flint's Fire Chief from 2016 until 2022.[1] PageID. 18, ¶ 9. Plaintiff served in this capacity at the will of the Mayor. **Exhibit A**, *Barton Amended Terms of Appointment*, p. 1; **Exhibit B**, *City of Flint Code of Ordinances* § 2-86; **Exhibit C**, *Flint City Charter* § 4-203.[2] Plaintiff alleges that following a fatal home fire on May 28, 2022, he recommended that two (2) firefighters "be suspended without pay pending a final investigation and that they be

---

[1] Defendants recognize that, for purposes of this Motion, the Court must accept as true all well-pleaded facts in Plaintiff's Complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). While Defendants will treat Plaintiff's factual allegations as true for purposes of this Motion, they do not generally agree with the factual allegations presented by Plaintiff and reserve the right to deny any allegations set forth in Plaintiff's Complaint.

[2] "[T]he court may, in undertaking a 12(b)(6) analysis, take judicial notice of matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint." *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023).

discharged at the conclusion of that investigation." PageID. 19, ¶ 13; PageID. 21, ¶ 20. Plaintiff claims the Mayor did not support his recommendations and wanted to "cover up" the wrongdoing of the firefighters to win political support from the firefighters' union. PageID 21, ¶¶ 22-24. Based on this perceived political motivation, Plaintiff alleges that "Mayor Neeley instructed [him] to change his factual findings and recommendations" and to "alter official reports to disguise the firefighters' misconduct, suspend the firefighters with pay, and drop his recommendation that they be discharged." PageID. 21, ¶¶ 21-22. Plaintiff is adamant that he refused to comply with such requests and advised Mayor Neeley of the same. PageID. 22, ¶¶ 25-28. Plaintiff claims that Mayor Neeley continued to insist that he change his recommendation and, again, Plaintiff continued to refuse to participate in what he believed to be a "cover-up." PageID. 22, ¶¶ 29-30.

Plaintiff alleges that when "[r]umors started to circulate in Flint about the recommendation regarding [the firefighters,]" "Mayor Neeley instructed [him] to make a public announcement saying that he initiated the change and agreed with it." PageID. 23, ¶¶ 31-32. Again, Plaintiff asserts that he refused to make a public statement that he believed "falsely represented what his findings and recommendations had been." PageID. 23, ¶ 33. Plaintiff alleges he told Mayor Neeley he would not make false statements "to the public or in the legal proceedings arising from the death of the two boys." PageID. 23, ¶ 34. Plaintiff also asserts that

he was "reluctant to make public statements that would paper over the obvious racial dynamic of the controversy about [the firefighters]."[3] PageID. 23, ¶ 35.

During a City Council meeting, Plaintiff claims members of the public accused him of lying and "breaking his promise to hold the firefighters responsible for their misconduct." PageID. 23, ¶ 36. Plaintiff indicates that he responded by stating "he had not changed his recommendation and that he wanted to discharge [the firefighters] from the [F]ire [D]epartment." PageID. 24, ¶ 37.

Plaintiff claims that nine (9) days after winning reelection, Mayor Neeley asked him to resign because he had "refused to serve Mayor Neeley's personal interests by participating in the cover-up of the firefighters' misconduct." PageID. 24, ¶ 40. When Plaintiff refused to resign, he alleges that Mayor Neeley "fired [him] because [he] had been unwilling to make false statements to the public about what he had actually recommended regarding [the firefighters] and about the substance and circumstances of the Fire Department's investigation." PageID. 24, ¶ 42.

## STANDARD OF REVIEW

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the sufficiency of the complaint. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). In analyzing the sufficiency and plausibility of a claim, a court must

---

[3] While there are two (2) conclusory allegations to racial motivations there are no facts alleged that provide any context for this perceived "racial dynamic."

"construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States explained that merely setting forth the elements of a claim along with conclusory allegations is insufficient to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Rather, sufficient *facts* must be alleged, to state a claim which is not only possible, but plausible:

> To survive a motion to dismiss, ***a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'*** A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are ***'merely consistent with'*** a defendant's liability, it ***'stops short of the line between possibility and plausibility of 'entitlement to relief.'"*** (emphasis added; citations omitted)

*Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court further emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678-679. As set forth below, Plaintiffs' Complaint fails to meet this threshold and must be dismissed.

## **ARGUMENT**

**I.     Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief Under 42 U.S.C. § 1983.**

"To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)).[4]

Plaintiff appears to claim that Mayor Neeley deprived him of his First Amendment rights in three (3) ways:

1.     Mayor Neeley **conditioned** Plaintiff's continued employment with the City on "his willingness to serve Mayor Neeley's personal political interests by making false statements to the public." PageID. 25, ¶ 45(a).

2.     Mayor Neeley **coerced** Plaintiff "into making false statements of fact and opinion in the service of a cover-up that was contrary to the public interest but that was politically advantageous for Mayor Neeley." PageID. 25, ¶ 45(b).

3.     Mayor Neeley **discharged** Plaintiff "from employment with the City because he refused to make false statements or to participate in Mayor Neeley's cover-up of [the firefighters'] malfeasance in the May 28, 2022 house fire . . ." PageID. 25, ¶ 45(c).

Plaintiff seems to allege his First Amendment rights were violated in three (3) distinct ways: (1) that his employment was unlawfully conditional; (2) that he was

---

[4] For purposes of this Motion only, Defendants will concede that Mayor Neeley acted under color of state law.

unlawfully coerced; and (3) that he was retaliatorily discharged. However, the conditionality and coercion allegations simply restate the allegation that he was unlawfully discharged.

Aside from claiming he was unlawfully discharged, Plaintiff offers no facts to support the allegations that his employment was *conditional* or that he was *coerced*. Plaintiff's Complaint reiterates several times that he refused to comply with Mayor Neeley's alleged requests to make verbal or written statements. As Plaintiff never complied with the alleged requests, the only evidence of conditionality or coercion would be based on actions taken *after* Plaintiff's alleged refusal to comply. Therefore, Plaintiff's allegations concerning conditional employment or coercion rely on his termination and simply restate the claim his discharge was unlawful retaliation. Plaintiff's alleged deprivation of federal rights will be analyzed in the context of First Amendment retaliation.

Plaintiffs alleging a 42 U.S.C. § 1983 First Amendment retaliation claim must plead factual allegations sufficient to establish that: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Fritz*, 592 F.3d at 723 (citing *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005)).

### A. Plaintiff fails to plead facts showing he engaged in constitutionally protected conduct.

To state a claim under 42 U.S.C. § 1983, Plaintiff must first show that he engaged in constitutionally protected conduct. While public employees do not forfeit all their First Amendment rights during employment with a municipality, they must accept certain limitations on their freedom. *Garcetti v. Ceballos*, 547 U.S. 410, 417-420 (2006). To determine whether a public employee's speech is protected, the Plaintiff must show that: (1) his speech was made as a private citizen rather than pursuant to his official duties; (2) his speech involved a matter of public concern, and (3) his interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in "promoting the efficiency of the public services it performs through its employees." *Id*.

Plaintiff must show that his speech was made as a private citizen because "[w]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421. As Justice Kennedy explained:

> "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created."
> *Id.* at 421-422.

7

The Sixth Circuit has explained that a court must look to the content and context of a plaintiff's speech to determine whether their statements were made pursuant to their professional duties. *Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 605 F.3d 345, 348 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 643 (2010). For example, in *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538 (6th Cir. 2007)*,* a park ranger made critical comments about her department's morale and performance issues in response to a paid consultant's queries, at the request of her employer. The court found this speech was made pursuant to her official job duties and was not protected. *Id. at* 546. In *Garcetti,* the Court found that an internal memorandum prepared by a prosecutor in the course of his ordinary job responsibilities was not protected speech. *See Garcetti*, 547 U.S. at 424-426.[5]

In this case, Plaintiff's speech concerns one specific incident: the City of Flint's investigation into potential misconduct of two (2) firefighters. The speech relates to Plaintiff's opinions on the misconduct, his recommendations for discipline,

---

[5] In contrast, there are numerous cases where speech **outside the scope of a plaintiff's ordinary job duties** is protected. *See Handy-Clay v. City of Memphis*, 695 F.3d 531, 542-43 (6th Cir. 2012)(finding that a public record keeper's speech concerning improper use of city funds, a matter which she had not been asked to investigate or to provide an opinion on, and was not within the scope of her official duties, was protected); *see also Lane v. Franks*, 573 U.S. 228, 238 (2014) (holding that testimony under oath by a public employee outside the scope of his ordinary job duties is speech as a citizen for First Amendment purposes).

and his discussion of those opinions and recommendations.[6] Taking all of Plaintiff's allegations as true, the only potentially protected speech Plaintiff alleges is that he spoke about his investigation and recommendations for discipline, that Mayor Neeley wanted Plaintiff to make different statements regarding the investigation and recommendations, and Plaintiff refused.

Plaintiff does not allege any facts showing he engaged in speech outside the scope of his official job duties. In fact, as the head of the Fire Department, a core component of his job was to manage firefighters in the Fire Department. **Exhibit D**, *City of Flint Code of Ordinances* § 19-21. Plaintiff cannot argue that his statements regarding a City investigation into misconduct by his subordinate employees and his recommendation regarding discipline for those employees is *outside* the scope of his

---

[6] While Plaintiff's Complaint attempts to make these allegations dramatic by alleging a "cover-up" *possibly* motivated by racism and his perception of Mayor Neeley's political motivations, those statements can properly be ignored by this Court as they are not relevant to whether his speech was protected and amount to mere labels and conclusions. *See Handy-Clay*, 695 F.3d at 541("We can dispose of the fourth category, Handy-Clay's 'retaliation' complaints, because they state a legal conclusion with insufficient factual context to evaluate the plausibility of her claim."); *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, ...Factual allegations must be enough to raise a right to relief above the speculative level.")(citations omitted); *see also Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)("[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983.").

job duties as the Fire Chief. The only reason Plaintiff wrote a report, made recommendations, or had knowledge concerning the two (2) firefighters was *because* he was the Fire Chief. Since his speech "owes its existence to [his] professional responsibilities," its restriction "does not infringe any liberties [he] might have enjoyed as a private citizen." *Garcetti,* 547 U.S. at 413. As Plaintiff has failed to plead factual allegations showing he engaged in protected conduct, Plaintiff's 42 U.S.C. § 1983 claim must be dismissed.

## II.    Plaintiff's Claims Against Mayor Neeley in his "Official Capacity" are Duplicative of his Claims Against the City.

"[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability and must clearly notify the court of its basis for jurisdiction." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001); *See also Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002) (indicating that the Sixth Circuit "require[s] § 1983 plaintiffs to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials." (citations omitted). Plaintiff did not plead that he is suing Mayor Neeley in his personal capacity; therefore, Mayor Neeley is sued only in his official capacity.

In a 42 U.S.C. § 1983 action, dismissal is appropriate as to the individual defendants in their official capacities as a "suit against an individual in his official

capacity is the equivalent of a suit against the governmental entity." *Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 68 (1989)). The City of Flint is a named Defendant with notice of this suit. All claims brought against Mayor Neeley in his official capacity are duplicative of the claims against the City; therefore, Mayor Neeley should be dismissed in his official capacity.

In the alternative, if Plaintiff did name Mayor Neeley in his personal capacity, which Plaintiff did not, Mayor Neeley would be entitled to qualified immunity because there are no allegations that his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

### III. Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief Based on Michigan's Public Policy Doctrine.

Plaintiff alleges that his termination was violative of Michigan's public policy. A federal court exercising supplemental jurisdiction over a state law claim follows state law. *Diamond Comput. Sys. v. SBC Communs., Inc.*, 424 F. Supp. 2d 970, 978-79 (E.D. Mich. 2006). In *Suchodolski v. Michigan Consolidated Gas Co.,* 412 Mich. 692; 316 N.W.2d 710 (1982), the Michigan Supreme Court provided three (3) examples of public policy exceptions to an employer's right to discharge an at-will employee under the employment at-will doctrine:

1) Adverse treatment of employees who act in accordance with a statutory right or duty;
2) An employee's failure or refusal to violate a law in course of employment; or
3) An employee's exercise of a right conferred by a well-established legislative enactment.
   *See also Kimmelman v. Heather Downs Mgmt. Ltd.*, 278 Mich. App. 569, 573; 753 N.W.2d 265, 268 (2008).

In essence, these three (3) examples "all entail an employee exercising a right guaranteed by law, executing a duty required by law, or refraining from violating the law." *Kimmelman*, 278 Mich. at 573. In other words, a public policy plaintiff must show that he was "exercising a right or executing a duty *of his own*." *Id.* at 577. (emphasis in original). The Michigan Supreme Court has explained that "public policy" "must be more than a different nomenclature for describing the personal preferences of individual judges, for the proper exercise of the judicial power is to determine from objective legal sources what public policy *is*, and not to simply assert what such policy *ought* to be on the basis of the subjective views of individual judges." *Terrien v. Zwit*, 467 Mich. 56, 66; 648 N.W.2d 602, 608 (2002) (emphasis in original).

Plaintiff's general notions of Michigan's "public policy" is insufficient. He must cite to the specific public policy that provided him with the right to engage in the behavior he claims illegally belies his termination. Plaintiff has failed to do so.

To the extent Plaintiff is relying on speech he claims is protected by the First Amendment as a basis for his public policy claim, the public policy claim is

preempted. "A public policy claim is sustainable...only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 80; 503 N.W.2d 645, 650 (1993) (disapproved of on other grounds by *Brown v. Mayor of Detroit*, 478 Mich. 589; 734 N.W.2d 514 (2007)). While Defendants disagree that the First Amendment protects any of the speech alleged in Plaintiff's Complaint, if Plaintiff seeks to rely on the First Amendment's free speech protections for the basis of his public policy claim, the public policy claim must be dismissed.

## IV.    Plaintiff Fails to Plead Facts to Show the City of Flint is Not Entitled to Immunity.

Plaintiff asserts state law tort claims for violations of Michigan's public policy[7] and tortious interference with contract. Plaintiff failed to plead in avoidance of governmental immunity and these claims[8] are barred by governmental immunity.

Governmental immunity is an inherent characteristic of governmental entities. *Mack v. City of Detroit*, 467 Mich. 186, 198; 649 N.W.2d 47, 54 (2002). So long as

---

[7] "[I]n Michigan, a public policy claim for wrongful discharge sounds in tort." *Guilbeaux v. City of Detroit*, No. 5:19-cv-13728; 2020 U.S. Dist. LEXIS 249872, at *20 (E.D. Mich. Nov. 23, 2020); *see also Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 203-04 (6th Cir. 2004) (acknowledging the Michigan Supreme Court's holding that a plaintiff prevailing on a wrongful discharge in violation of public policy claim is entitled to tort-based remedies).

[8] Plaintiff's tortious interference claim only appears to be alleged against Mayor Neeley. However, to the extent that Plaintiff would attempt to claim the City of Flint is liable for tortious interference, the City would also be entitled to immunity for that claim on the same basis as immunity under the public policy doctrine.

a governmental agency is engaged in the exercise or discharge of a "governmental function," that agency is presumed to be immune "and can only be subject to suit if a plaintiff's case falls within a statutory exception." *Id.* at 201.

Under Michigan's Governmental Tort Liability Act (GTLA), M.C.L. 691.1401 *et seq.*, a governmental agency is immune from tort liability if engaged in the exercise or discharge of a governmental function "unless the plaintiff establishes the existence of a statutorily created exception to that immunity." *Odom v. Wayne Cty.*, 482 Mich. 459, 477-478; 760 N.W.2d 217, 227 (2008). "[A] governmental body is immune from suit unless 'a plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception,' or pleads that the governmental body was not engaged in a governmental function when it caused the injury." *Peterson v. Heymes*, 931 F.3d 546, 557-58 (6th Cir. 2019) (citing *Mack v. City of Detroit*, 467 Mich. 186; 649 N.W.2d 47, 55-57 (2002)).

Plaintiff failed to do so here, as he neither alleged a statutory exception to governmental immunity, nor that the City's alleged torts arose from the exercise of a non-governmental function. Indeed, courts "have long held that the hiring, supervision, and discipline of a government employee is the exercise of a governmental function." *O'Connor v. Redford Twp.*, No. 09-10792, 2009 U.S. Dist. LEXIS 71205, at *13 (E.D. Mich. Aug. 13, 2009) (citing *Galli v. Kirkeby*, 398 Mich.

14

527, 537; 248 N.W.2d 149 (1976)). Accordingly, on the basis of governmental immunity alone, the Court should dismiss Plaintiff's tort(s) against the City of Flint.

## V.    Plaintiff Fails to Plead Facts to Show Mayor Neeley is Not Entitled to Immunity.

Similar to the City of Flint, the GTLA also makes Mayor Neeley immune from Plaintiff's alleged torts. As admitted by Plaintiff, at all times relevant to the allegations in Plaintiff's Complaint, Mayor Neeley was the Mayor of the City of Flint. This makes him an elected executive official. Under M.C.L. 691.1407(5), an elected executive official is "immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of [their] ... executive authority." As the Chief Executive Officer of the City of Flint, Mayor Neeley has authority to supervise and discipline employees. **Exhibit E**, *Flint City Charter* § 4-101; **Exhibit C**, *Flint City Charter* § 4-203. Specifically, with respect to Plaintiff, his employment could only continue at the will of the Mayor. **Exhibit B**, *City of Flint Code of Ordinances* § 2-86; **Exhibit C**, *Flint City Charter* § 4-203. Discussing investigations of firefighter misconduct and terminating the Fire Chief's employment are exercises within the scope of Mayor Neeley's executive authority. Plaintiff has not alleged these actions were outside the scope of Mayor Neeley's executive authority, nor plead any facts to show Mayor Neeley engaged in other activities outside the scope of his executive authority. Therefore, Mayor Neeley is

immune from Plaintiff's tort allegations, and Plaintiff's Complaint must be dismissed.

## VI. Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief Based on Tortious Interference with Contract.

Plaintiff claims that Mayor Neeley intentionally engaged in "improper conduct while knowing that such conduct would likely cause the termination of Chief Barton's contract with the City." PageID. 28, ¶ 55. A plaintiff alleging tortious interference with a contract must show (1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Health Call v. Atrium Home & Health Care Servs.*, 268 Mich. App. 83, 90; 706 N.W.2d 843, 849 (2005). For a plaintiff to prevail on a claim of tortious interference with contract they must establish that the defendant "unjustifiably instigated or induced the party to breach its contract." *Knight Enters. v. RPF Oil Co.*, 299 Mich. App. 275, 281, 829 N.W.2d 345, 348 (2013).

Plaintiff had an at-will employment agreement. **Exhibit A**, p. 1.[9] For Plaintiff to maintain a tortious interference with contract claim, he must offer evidence of

---

[9] *Flint City Charter* § 4-203(D) ("The head of each department shall be appointed by the Mayor in the manner required by this charter and shall serve at the will of the Mayor unless otherwise indicated in this Charter."); *City of Flint Code of Ordinances* § 2-86 ("The head of the Department of Fire shall be known as the Fire Chief and shall be appointed by the Mayor with the approval of the City Council and shall serve at the pleasure of the Mayor.")

both a breach of contract with the City of Flint *and* that Mayor Neeley unjustifiably initiated a breach of Plaintiff's contract with the City.

First, Plaintiff has not provided evidence to show that his at-will employment agreement was breached. In fact, Plaintiff's Terms of Appointment, based on the authority of the *Flint City Charter* and the *City of Flint Code of Ordinances*, provided that his employment as Fire Chief would only "continue at the will of the Mayor." **Exhibit A**, p.1; **Exhibit B**, *City of Flint Code of Ordinances* § 2-86; **Exhibit C**, *Flint City Charter* § 4-203. The terms of his at-will employment contract were followed: Chief Barton served as the Fire Chief until Mayor Neeley no longer wanted him to serve as the Fire Chief. This cannot be a breach of the contract as it was a right specifically provided for under the Terms of Appointment, the *Flint City Charter* and the *City of Flint Code of Ordinances*.

Second, Plaintiff has alleged no facts to suggest that Mayor Neeley, in exercising his authority, was unjustified. Importantly, Plaintiff must ***prove*** "with specificity, [the] affirmative acts by the defendants which corroborated the unlawful purpose of the interference." *Feaheny v. Caldwell*, 175 Mich. App. 291, 305; 437 N.W.2d 358, 364 (1989). Plaintiff has not even alleged unlawful interference, let alone specific acts of Mayor Neeley that corroborated the "unlawful purpose of the interference[;]". Rather, Plaintiff baselessly speculates about Mayor Neely's

motivations for terminating his employment. Plaintiff simply alleges that he objects to Mayor Neeley's decision, which is not the basis for a tortious interference claim.

## **CONCLUSION**

For the reasons stated above, Defendants Mayor Sheldon Neeley and the City of Flint, by and through their attorneys of record, The Williams Firm P.C., respectfully request that this Court dismiss Plaintiff's First Amended Complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: <u>March 31, 2023</u>                    <u>/s Chelsea S. Down</u>
                                              **The Williams Firm, P.C.**
                                              8263 South Saginaw Street, Suite 6
                                              Grand Blanc, Michigan 48439
                                              Phone: (810) 695-7777
                                              E-mail: cdown@thewilliamsfirm.com
                                              Michigan Bar Number P-77288