# **EXHIBIT A**

## AMENDED TERMS OF APPOINTMENT

On February 26, 2016, the Mayor of the City of Flint appointed **Raymond C. Barton**, 3812 Gloucester, Flint, Michigan 48503, as Fire Chief in accordance with the provision of the 1974 Flint City Charter §4-203 and in accordance with Emergency Manager Order 3 paragraph 33 and the Receivership Transition Advisory Board ("RTAB") resolution 2016-1, paragraph 1 (See Attachment A). On August 7, 2017, the new charter was adopted by popular vote in a city-wide election; and the new charter became effective on January 1, 2018, limited the City Council approval of an appointment of Principal Officers to the Officer's background, experience and certifications and the corresponding ordinance approval limited to job description and qualifications. (See Attachment B) On April 4, 2018, the Receivership Transition Advisory Board (RTAB) recommended that full control of City operations be restored to City of Flint officials where it belongs. (See Attachment C) On April 10, 2018, Receivership was terminated restoring full control of City operations to City officials and repealing all Emergency Manager orders prospectively. As a result of the aforementioned restoration of local authority and repeal of EM orders prospectively, the Mayor, hereby amends the terms of appointment to reflect the FY19-20 budget adopted by the City Council on June 25, 2018 (See Attachment D).

1. **Scope of Services**: Under the general supervision of the City Administrator, the Fire Chief shall be responsible for the management and oversight of the Flint Fire Department. This includes, but is not limited to, the recruitment, training, and assessment of all personnel and programs under the management and supervision of the Flint Fire Department. The Fire Chief is responsible for the development and oversight of work rules and policies established by the City of Flint Fire.

2. **Term of Appointment:** This amended appointment shall commence retroactive to July 1, 2018, and shall continue at the will of the Mayor.

3. **Compensation:** The Fire Chief shall be paid a salary based on an annual compensation rate of Ninety-Five Thousand Nine-Hundred and Ninety-nine and 89/100 ($95,999.89). This salary shall be payable in regular timely installments, in the same manner as other employees of the City of Flint are paid. Such earnings shall be paid from account 101-337.100-702.000, Wages & Salaries.

4. **Benefits:** The Fire Chief shall be provided with fringe benefits equal to those now or hereinafter provided for an exempt employee allocated above Level 23 including, but not limited to health care coverage, dental insurance, life insurance, personal time off, etc.; but expressly excluding membership in the retirement system and expressly excluding membership in the Civil Service System. However, the Fire Chief shall be eligible to participate in the City of Flint Hybrid Pension Plan as provided to other appointed officials, which may change from time-to-time. The Fire Chief shall be 100% vested at all times, with respect to his own contributions.

For the purposes of providing to the Fire Chief the above compensation and fringe benefits, the City of Flint shall place the Fire Chief on the City's regular payroll so that all of said compensation and fringe benefits shall be provided to the Fire Chief in the same manner as other employees of the City of Flint.

1

5. **Indemnification and Insurance:** The City of Flint shall indemnify and provide appropriate insurance coverage for the Fire Chief for any attorney's fees, reasonable costs, and damage awards incurred by the Fire Chief as a result of any malpractice action brought against him by any person as a result of his performance of duties pursuant to his Appointment. To the fullest extent permitted by law, the City of Flint shall defend, pay on behalf of, indemnify and hold harmless the Fire Chief against any and all claims, demands, suits, or losses, including, but not limited to, civil rights actions, and providing for all costs connected therewith, and for any damages which may be asserted, claimed, or recovered against or from the Fire Chief by reason of any injuries or damages including losses that may arise as a result of his acts, omissions, faults or negligence in connection with the performance of the terms of his appointment. The City of Flint shall provide appropriate insurance coverage, although, the full indemnification of the Fire Chief as articulated above shall not be in any way limited by the insurance coverage chosen by the City of Flint.

6. **Termination:** The City may terminate, without cause, this Agreement (and the resultant employment relationship) with the Fire Chief before the expiration set forth herein. In the event that this Agreement is terminated without Good Cause, the Fire Chief shall be entitled to accrued PTO.

The City may terminate, for Good Cause, this Agreement (and the resultant employment relationship) with the Fire Chief before the expiration set forth herein. In the event that this Agreement is terminated with Good Cause, the Fire Chief shall be entitled to accrued PTO.

The Fire Chief may voluntarily terminate this Agreement before the expiration of the term set forth herein by providing fourteen (14) days advanced written notice, unless agreed upon otherwise by the Parties. In the event that this Agreement is terminated pursuant to this subsection, the Fire Chief shall be entitled to accrued PTO.

If the terms of appointment expires prior to reappointment, resignation, or termination by either party, the Fire Chief's appointment is automatically extended on a month-to-month basis for a maximum of six (6) months.

**"GOOD CAUSE".** For purposes of this Agreement the term "good cause" is defined as sole proven acts or omissions as follows:

A. Any willful, knowing, grossly negligent, or negligent breach, disregard or habitual neglect of any provision of this Agreement, or any willful, knowing, grossly negligent, or negligent breach, disregard or habitual neglect of any duty or obligation required to be performed by the Fire Chief under this Agreement or applicable law.

B. Any misconduct of the Fire Chief involving an act of moral turpitude, criminal illegality (excepting minor traffic violations), or habitual violations of the traffic laws, whether or not related to the Fire Chief's official duties hereunder.

C. Any willful, knowing, grossly negligent, or negligent misapplication or misuse, direct or indirect, by the Fire Chief, of public or other funds or other property, real, personal, or

mixed, owned by or entrusted to the City, any agency or corporation thereof, or the Fire Chief in his official capacity.

7. **Waiver of Claims:** Appointee agrees, in consideration for accepting payment pursuant to this Agreement, that Appointee will not file a lawsuit or claim of any type in any forum against the City for actions arising in any way related to employment by the City, and that if Appointee does, the lawsuit or claim will be immediately dismissed; and, notwithstanding the fact that the terms of this Agreement shall otherwise remain in full force and effect, Appointee will return to the City all of the consideration received from the City as a result of this Agreement, and Appointee will pay to the City all of the costs, expenses, and attorney fees incurred by the City in defending against such a lawsuit or claim. However, nothing in this Agreement shall prevent Appointee from filing suit to challenge this Agreement or to enforce the terms of this Agreement.

8. **Whole Agreement:** Any additions, deletions or modifications to these terms of appointment must be in writing and signed by both parties. This document, consisting of three (3) pages in its entirety, embodies the entire agreement between the parties hereto.

Dated this 26th day of September 2018.

**APPOINTEE:**

_____
Raymond C. Barton

**APPROVED AS TO FORM:**

_____
Angela Wheeler, Chief Legal Officer

**FOR THE CITY:**

_____
Dr. Karen W. Weaver, Mayor

S:\AWO\Terms of Appointment\R. Barton\2018.09.26 Barton Amended TermsAppt (Fire Chief).doc

3