UNITED STATES DISTRICT COURT
EASTERN DISTRICTOF MICHIGAN
SOUTHERN DIVISION

RAYMOND BARTON,

    Plaintiff,

v.

SHELDON NEELEY, and
CITY OF FLINT, MICHIGAN

    Defendants.
_____/

Case No.2-23-cv-10051

Honorable Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**ARNOLD E. REED ASSOCIATES**
By:  Arnold E. Reed (P-46959)
Attorney for Plaintiff
17515 W. 9 Mile Rd, Suite 425
Southfield, MI 48075
(248) 855-6330
areed@arnoldreedlaw.com

**THE WILLIAMS FIRM, P.C.**
By:  Kendall B. Williams (P-27896)
     Chelsea S. Down (P-77288)
Attorneys for Defendants
8263 S. Saginaw St., Ste. 6
Grand Blanc, MI 48439
(810) 695-7777
kwilliams@thewilliamsfirm.com
cdown@thewilliamsfirm.com

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S AMENDED
RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. i

ARGUMENT

    I.   PLAINTIFF HAS NOT PLED A FIRST AMENDMENT VIOLATION TO UNDERLY HIS § 1983 CLAIM. ............................................................1

    II.  PLAINTIFF'S PUBLIC POLICY CLAIM IS PREEMPTED. ................4

    III. THE CITY IS ENTITLED TO IMMUNITY. ..........................................6

    IV. MAYOR NEELEY IS ENTITLED TO IMMUNITY. .............................6

CONCLUSION .........................................................................................................7

**1**

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................... 1
*Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 80; 503 N.W.2d 645 (1993) ......... 5
*Elrod v. Burns*, 427 U.S. 347, 367 (1976) ................................................................ 4
*Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006) .................................................. 2
*Guilbeaux v. City of Detroit*, No. 5:19-cv-13728; 2020 U.S. Dist. LEXIS 249872,
  at *20 (E.D. Mich. Nov. 23, 2020) ........................................................................ 6
*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ....................................................... 7
*Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004) ......................... 6
*Lewandowski v. Nuclear Mgt. Co.,* 272 Mich. App. 120, 127; 724 N.W.2d 718
  (2006) ..................................................................................................................... 5
*McCloud v. Testa*, 97 F.3d 1536, 1557 (6th Cir. 1996 .............................................. 4
*Rose v. Stephens*, 291 F.3d 917, 921 (6th Cir. 2002). ........................................... 3, 4
*Tompos v. City of Taylor,* 644 Fed. Appx. 678 ......................................................... 3

**Statutes**

42 U.S.C. 1983 ............................................................................................................ 5
M.C.L. 691.1401 ......................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 7

Defendants City of Flint and Mayor Sheldon Neeley, by and through their attorneys The Williams Firm, P.C., submit this Reply Brief in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal pursuant to F.R.C.P. 12(b)(6), a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Complaint is lacking factual allegations that support a claim to relief and should be dismissed.

## I. PLAINTIFF HAS NOT PLED A FIRST AMENDMENT VIOLATION TO UNDERLY HIS § 1983 CLAIM.

For the First Amendment to protect Plaintiff's conduct, Plaintiff must show that: (1) his speech was made as a private citizen rather than pursuant to his official duties; (2) his speech involved a matter of public concern; and (3) his interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in "promoting the efficiency of the public services it performs through its employees." *Westmoreland v. Sutherland*, 662 F.3d 714, 719 (6th Cir. 2011).

The only speech at issue in this case is Chief Barton's responses to City Council regarding his recommendation for discipline of two (2) firefighters. PageID. 23-24. He alleges that during the meeting, he "explained that he had not changed his recommendation and that he wanted to discharge" the two (2) firefighters. PageID. 24.

1

Plaintiff admits that the content of his speech was about actions that he took in his official capacity as Fire Chief. PageID. 129. However, Plaintiff argues that the context in which he delivered that speech cloaks it with First Amendment protection. This argument ignores the responsibility of the Fire Chief. Section 4-203(F) of the Charter requires department directors, including the Fire Chief, to be "responsible for the administration and management of their department . . ." and to "report[] on the department's activities, functions and accomplishments to the Mayor, City Council and the citizens of the City of Flint." PageID. 81. Speech from the Fire Chief about the core responsibilities as a department director, whether made in response to City Council questions or issues raised by the public at a City Council meeting, owes its existence to public employment and is not protected by the First Amendment. See *Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006). Plaintiff's attempt to cloud the issues with allegations of political motivations and "cover ups" do not save his claim.[1]

Plaintiff also argues that his interest in speaking outweighs the City's interest in promoting workplace efficiency and specifically addresses the balancing of

---

[1] Plaintiff cites *Cioffi v. Averill Park Cent. Sch. Dist.*, 444 F.3d 158 (2nd Cir 2006), to support his claim that Plaintiff was speaking as a private citizen and entitled to First Amendment protection. The *Cioffi* case, does not discuss whether an employee was speaking as a private individual. Rather, that case is about whether the plaintiff was speaking on a matter of *public concern*. While speech must be regarding a matter of public concern, this is not sufficient for First Amendment protection.

2

interests in the context of confidential or policymaking public employees. PageID 129. In the context of this discussion, Plaintiff argues that his employment was conditioned on his political affiliation in violation of the First Amendment. PageID 131. Plaintiff's Complaint does not allege that he was retaliated against for his political affiliation. In fact, it does not even discuss what his political affiliations were. Rather, Plaintiff argues that Mayor Neeley wanted him to change his disciplinary recommendations and speculates, without any factual basis, that Mayor Neeley made this request because he thought it would be politically advantageous. PageID. 21-24.

Even if Plaintiff sufficiently alleges that his employment was conditioned on political affiliation or related speech, his claim fails since he is a "confidential or policymaking public employee" and when such an employee is "discharged on the basis of speech related to his political or policy views, the *Pickering* balance favors the government as a matter of law." *Rose v. Stephens*, 291 F.3d 917, 921 (6th Cir. 2002). While there are instances where dismissals based on political patronage or speech related to political or policy views would violate the First Amendment, there is an exception for the termination of public employees in policymaking or confidential positions. **Exhibit A**, *Tompos v. City of Taylor,* 644 Fed. Appx. 678 (6th Cir 2016)(unpublished)(Plaintiff Fire Chief exercised discretionary power and fell into the exception of employees who *could* be terminated for political reasons);

3

*Rose*, 291 F.3d at 921 (citing *Elrod v. Burns*, 427 U.S. 347, 367 (1976)). As outlined in § 4-203(F) of the City Charter, as a department director, the Fire Chief is "responsible for the administration and management of the[] department in accordance with th[e] Charter, the City of Flint ordinances, resolutions and/or policies, the laws of the State of Michigan and the United States as applicable. PageID. 81. More specifically, the Fire Chief is responsible for the management and oversight of the Fire Department, which includes "recruitment, training, and assessment of all personnel and programs" and is also "responsible for development and oversight of work rules and policies[.]" PageID. 74. These responsibilities are within the two categories of the policymaking or confidential position exceptions[2] outlined by the Sixth Circuit. *McCloud v. Testa*, 97 F.3d 1536, 1557 (6th Cir. 1996). Plaintiff falls into a class of employees who *may* be terminated for political reasons.

## II. PLAINTIFF'S PUBLIC POLICY CLAIM IS PREEMPTED.

Plaintiff argues that his "public policy" claim should survive this Motion because: (1) Plaintiff articulated a policy that was violated by his termination,

---

[2]"**Category One**: positions specifically named in relevant federal, state, county, or municipal law to which discretionary authority with respect to the enforcement of that law or the carrying out of some other policy of political concern is granted; **Category Two**: positions to which a significant portion of the total discretionary authority available to category one position-holders has been delegated; or positions not named in law, possessing by virtue of the jurisdiction's pattern or practice the same quantum or type of discretionary authority commonly held by category one positions in other jurisdictions." *Rose*, 291 F.3d at 924. (quoting *McCloud*, 97 F.3d at 1557).

4

namely his rights under the First Amendment to the federal Constitution, and (2) "Defendants have not identified any *Michigan* statute other than the WPA under which Barton could have asserted a claim arising from his discharge." PageID. 108(emphasis added). Because a federal statute, 42 U.S.C. 1983, provides a remedy for Plaintiff's discharge, Plaintiff's public policy must be dismissed.

A public-policy claim is viable only if no applicable statute prohibits retaliatory discharge for the conduct at issue. *Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 80; 503 N.W.2d 645 (1993); *Lewandowski v. Nuclear Mgt. Co.,* 272 Mich. App. 120, 127; 724 N.W.2d 718 (2006). In *Lewandowski,* the court affirmed the trial court's denial of Plaintiff's request to amend his complaint to add a public policy discharge claim, where his factual allegations supported a claim under the anti-retaliation provisions of the federal Energy Reorganization Act of 1974, 42 U.S.C. 5801 – 5891.

42 U.S.C. 1983 is a broad statute providing a remedy for anyone deprived of a federal right by state actors. It provides a remedy "in an action at law, suit in equity, or other proper proceeding for redress" for deprivations of constitutional rights, such as the First Amendment right Plaintiff claims as the policy basis for his public policy claim. Since an applicable statute prohibits retaliation for the alleged conduct Plaintiff claims caused his discharge, his public policy claim is not viable and should be dismissed.

5

### III.    THE CITY IS ENTITLED TO IMMUNITY.

Plaintiff asserts that he has only alleged one claim against the City: "wrongful termination of his employment contract, in violation of public policy." PageID. 135. Plaintiff then goes on to state that he is alleging a breach of his employment contract. *Id.* However, Count II of Plaintiff's Complaint is for "Wrongful Discharge in Violation of Michigan's Public Policy[.]" PageID. 26. Plaintiff did not plead a breach of contract claim: he pled a ***tort***, and the City is entitled to tort immunity. "[I]n Michigan, a public policy claim for wrongful discharge sounds in tort." *Guilbeaux v. City of Detroit*, No. 5:19-cv-13728; 2020 U.S. Dist. LEXIS 249872, at *20 (E.D. Mich. Nov. 23, 2020); *see also Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 203-04 (6th Cir. 2004)(acknowledging the Michigan Supreme Court's holding that a plaintiff prevailing on a wrongful discharge in violation of public policy claim is entitled to tort-based remedies).

### IV.    MAYOR NEELEY IS ENTITLED TO IMMUNITY.

If this Court determines that Plaintiff properly pled a § 1983 claim against Mayor Neeley, Mayor Neeley is entitled to qualified immunity. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Plaintiff served in the capacity of Fire Chief

6

at the will of the Mayor. PageID. 74, 78, 81. As Defendants have discussed, there are simply no actions from the Mayor that violated a clearly established statutory or constitutional right, so he is entitled to qualified against claims for damages under § 1983. *Harlow*, 457 U.S. at 818.

Defendants maintain that Mayor Neeley is entitled to absolute immunity from tort liability under the GTLA. M.C.L. 691.1401 *et seq.* The only action that underlies Plaintiff's tort claim is the termination of Plaintiff's employment. Plaintiff simply claims that the Mayor engaged in *ultra vires* acts because he had some perceived political motivation.[3] PageID. 135.

## CONCLUSION

For the reasons stated above and in Defendants' Brief in Support of Motion to Dismiss, Defendants Mayor Sheldon Neeley and the City of Flint, by and through their attorneys of record, The Williams Firm P.C., respectfully request that this Court dismiss Plaintiff's complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: April 26, 2023

/s/ Chelsea S. Down
**The Williams Firm, P.C.**
8263 South Saginaw Street, Suite 6
Grand Blanc, Michigan 48439
Phone: (810) 695-7777
E-mail: cdown@thewilliamsfirm.com
Michigan Bar Number P-77288

---

[3] Defendants do not believe this to be relevant to the inquiry and note it is odd to argue that Mayor Neeley interfered with Barton's employment contract *after* the election as a means to aid in his own reelection campaign.